UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. STENSETH; MICHELLE E. STENSETH, and ROBERT J. STENSETH, | ) ) ) ) | CIV. 08-4115-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| JULIE KARPEN, Social Worker, Department of Social Services, State of South Dakota, and DEB BOWMAN, Secretary, Department of Social Services, State of South Dakota, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants move for summary judgment. Plaintiff Robert A. Stenseth opposes the motion in a document entitled, "Discussion of the Case." The time for further response by plaintiffs has passed.

**FACTUAL BACKGROUND**

The facts, viewed in the light most favorable to the non-moving parties, the plaintiffs, are as follows[1]:

---

[1] As stated below, all of the facts in defendants' statement of undisputed material facts are deemed admitted because of plaintiffs' failure to respond in accordance with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(D)

Michelle E. Stenseth (Michelle) and Robert J. Stenseth (Robert) are the children of Robert A. Stenseth (Mr. Stenseth), and both were juveniles at all times relevant to this case. Defendants' Statements of Undisputed Material Facts (DSUMF) ¶¶ 5-7. In 2002, Michelle and Robert were living with Mr. Stenseth. On October 7, 2002, a temporary custody order was issued in Minnehaha County, South Dakota, as a result of allegations of abuse and neglect, and it appears that the children were removed from Mr. Stenseth's home at that time. Id. ¶¶ 7-8. An amended order was signed on November 4, 2002, appointing the South Dakota Department of Social Services (SDDSS) as temporary guardian of Michelle and Robert. Id. ¶ 9. Mr. Stenseth had legal counsel "at various times on and after October 7, 2002," with regard to these proceedings. Id. ¶ 10. After a hearing on January 31, 2003, Circuit Court Judge Peter Lieberman adjudicated Michelle and Robert to be abused and neglected by their father, Mr. Stenseth. Id. ¶ 11. SDDSS continued to act as guardian of Michelle and Robert until June 5, 2006. Id. ¶ 12.

Robert was placed by SDDSS at McCrossan Boys Ranch from November 2002 to January 2006, at which time he went to live with his natural mother. Id. ¶ 14. In May 2003, Michelle was placed at the Eau Claire Academy in Wisconsin. Docket 31, ¶ 11. In September 2003, Michelle was placed with Volunteers of America in South Dakota, and she lived in a foster home in South Dakota from December 2003 to March 2004. Id. at ¶¶ 12-13. Michelle

went on to placements with the Volunteers of America and with Abbott House in Aberdeen before moving to Dakota House in Aberdeen, South Dakota, from January 2005 to February 2006. Id. ¶¶ 14-16.

At least from January 2005 to 2006, Mr. Stenseth knew where Michelle and Robert were placed, and he was permitted to visit and contact his children by telephone. Id. ¶ 14. Mr. Stenseth visited and phoned Robert sporadically during the time he was at the McCrossan Boys Ranch. Id. ¶ 22; DSUMF ¶ 15. Mr. Stenseth's communication with and visitation of Michelle at her various placements was also varied and inconsistent. Sometimes he saw her regularly; other times his visits or phone calls were sporadic. Docket 31, ¶¶ 11-15; DSUMF ¶ 15. Regarding Michelle's placement at Dakota House in Aberdeen, Mr. Stenseth was permitted to visit her weekly, but his visits were sporadic, as was his telephone contact. Docket 31, ¶ 15.

From October 2002 to 2006, Robert A. Stenseth had telephonic and written communication with representatives of SDDSS, including Julie Karpen. DSUMF ¶ 17. Additionally, the Minnehaha County State's Attorney's Office delivered legal notices and communications regarding court appearances to Mr. Stenseth. Id. ¶ 18.

Both children were returned to the care of their mother in early 2006 as a result of her completion and compliance with a case plan through SDDSS. Docket 31, ¶¶ 18, 21. The children have lived with their mother since

February 2006, and Mr. Stenseth has never been prohibited from visiting his children. Id. ¶ 26.

Mr. Stenseth filed this complaint on July 16, 2008, alleging violations of his civil rights by Julie Karpen, a social worker with the South Dakota Department of Social Services, and Deb Bowman, Secretary of the South Dakota Department of Social Services.[2] Docket 1. While plaintiffs do not include specific dates in the complaint, it appears that all of the conduct alleged by plaintiffs in the complaint concerns either events in the fall of 2002 related to the abuse and neglect proceedings against Mr. Stenseth, or events related to SDDSS's guardianship of Michelle and Robert from November 2002 to June 2006. Id. ¶¶ 12-20, 27-29, 31, 34, 36, 47-48.

Plaintiffs' complaint alleges that (1) the children were repeatedly moved to different locations; (2) Mr. Stenseth was unable to communicate with and visit his children; (3) Mr. Stenseth did not have legal counsel during this time; Michelle was not properly medicated for attention deficit disorder; and (4) SDDSS communicated false information or failed to provide information to Mr. Stenseth or his proxies regarding a "plan" or "treatments." Docket 1

---

[2] The complaint also includes many allegations regarding treatment of Corene B. Stenseth at Sioux Valley Hospital and Good Samaritan Society. But both defendants involved in these complaints were dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Docket 7. None of these allegations involving Corene B. Stenseth involves conduct by Julie Karpen or Deb Bowman.

4

¶¶ 15, 17, 18, 19.  The complaint also refers to forceful tie downs and forced medication at Aberdeen Northeast Mental Health Center.  While the complaint fails to specify when this allegation occurred or which plaintiff was involved, the court believes this allegation refers to Michelle.  See id. ¶¶ 17, 31.

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The nonmoving party is entitled to the benefit of all reasonable inferences to be

drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980).

**DISCUSSION**

This motion for summary judgment is brought under Federal Rule of Civil Procedure 56. Rule 56 requires that a party opposing such a motion "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); see also Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). Local Rule 56.1 provides further guidance, requiring a party opposing a summary judgment motion to "respond to each numbered paragraph in the moving party's statement with a separately numbered response" and to "identify any material facts as to which it is contended that there exists a genuine material issue to be tried." D.S.D. CIV. LR 56.1(B). For those factual statements advanced by the moving party that the nonmoving party fails to controvert, the court will deem these statements to be admitted. Id. at 56.1(D).

Defendants filed a statement of undisputed material facts with their motion for summary judgment. Docket 30. Plaintiffs have not filed a response to defendants' statement of undisputed material facts. The general rule is that pro se complaints are to be liberally construed. Haines v. Kerner,

6

404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 652 (1972) (per curiam); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). A plaintiff's pro se status, however, does not "'entitle him to disregard the Federal Rules of Civil Procedure." Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (citing Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000)). Thus, the court deems the facts set forth in defendants' statement of undisputed facts to be admitted.

Plaintiffs also have not filed a brief opposing defendants' motion for summary judgment. Plaintiffs did file a "discussion of case" in which they state they are "reviewing recent papers from defendants" and they state that "if defendants [sic] papers change scheduling time, plaintiff requests more time to respond." Docket 34 at 3-4. The court's scheduling order provides that parties opposing a motion "shall file and serve answering materials and briefs within twenty days" of service of the motion. Docket 22 ¶ 9. Twenty days have passed since defendants filed their motion for summary judgment. Therefore, the court considers defendants' motion for summary judgment to be unopposed, and it must now decide whether summary judgment is appropriate as a matter of law under Federal Rule of Civil Procedure 56(e)(2).

As a preliminary matter, many of the allegations in the complaint occurred more than three years prior to the filing of the complaint on July 16, 2008. Such allegations are barred by the statute of limitations. See SDCL

7

15-2-15.2 (setting a three-year statute of limitations for civil rights actions); Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996) (applying the South Dakota statute of limitations in a federal civil rights case) (citing Wilson v. Garcia, 471 U.S. 261, 266-68, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)); see also Stenseth v. Karpen, *et al.*, CV 05-4182-KES, Docket 7 (order dismissing previous complaint of same plaintiffs on statute of limitation grounds). Therefore, plaintiffs' allegations regarding conduct that occurred prior to July 16, 2005, are barred by the statute of limitations in this action. Thus, the court need only consider the conduct of defendants after July 16, 2005, in this motion for summary judgment.

A plaintiff in an action brought under 42 U.S.C. § 1983 must establish "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiffs' claims seem to be brought under the due process clause in the Fourteenth Amendment,[3] which provides that a state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. First, plaintiffs have not established a substantive due process claim under the facts here because the undisputed facts establish that Mr. Stenseth was not improperly deprived of his liberty

---

[3]Plaintiffs' complaint also refers to the Sixth and Eighth amendments to the United States Constitution. Docket 1 ¶¶ 29, 32. The court does not believe that such constitutional violations are possible under the facts alleged in this complaint, which involves a court action administered under the civil laws of the state of South Dakota.

interest in familial relations.  See Troxel v. Granville, 530 U.S. 57, 67, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (recognizing a liberty interest in the care, custody, and control of one's children).  The official conduct by defendants is not sufficiently egregious and extraordinary as to shock the conscience and assert a substantive due process violation.  See Herts v. Smith, 345 F.3d 581, 587 (8th Cir. 2003) (stating that a violation of one's substantive due process rights requires that "the officials acted in an arbitrary or capricious manner, or so as to shock the conscience"); Zakrzewski v. Fox, 87 F.3d, 1011, 1014 (8th Cir. 1996) (citing Myers v. Scott County, 868 F.2d 1017, 1017 (8th Cir. 1989) (stating that "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases")).  Therefore, the court agrees with defendants that the complaint alleges procedural due process claims only.

To establish a procedural due process violation under the Fourteenth Amendment, "a plaintiff must first show that the state infringed on a cognizable liberty interest," and then must demonstrate that he was deprived of this protected interest without sufficient process.  Swipies v. Kofka, 419 F.3d 709, 713-15 (8th Cir. 2005).  A parent's right to the care, custody, and control of his children is a recognized liberty interest.  See Troxel, 530 U.S. at 57.  The Eighth Circuit has recognized that a court order regarding child custody, such as the one here, may substantially reduce one's liberty interest

9

in the care, custody, and management of his children. See Zakrzewski, 87 F.3d at 1014. Based on the undisputed facts here, plaintiffs have not demonstrated the deprivation of a constitutional right because the children were removed from Mr. Stenseth's custody, first temporarily and then permanently, after the state court found that Mr. Stenseth had abused and neglected his children.

      Furthermore, plaintiffs have not proven that they were deprived of a protected interest without "the opportunity to be heard at a meaningful time and in a meaningful place." Swipies, 419 F.3d at 715. Again, the undisputed facts of this case establish that, from July 2005 to January 2006, Mr. Stenseth was able to visit his children and was permitted telephone contact with them, and that he utilized these opportunities to some extent. Additionally, Mr. Stenseth was in contact with SDDSS until June 5, 2006, when the agency's custody of his children was terminated. Docket 30, ¶ 17. There is no showing that plaintiffs were entitled to any additional due process from July 2005 to January 2006. For these reasons, the court finds that there is no genuine dispute of material fact as to whether plaintiffs were denied the opportunity to be heard at a meaningful time and a meaningful place. The undisputed facts in this case support defendants' claim that plaintiffs were given the due process entitled to them, and plaintiffs have failed to provide facts in support of their procedural due process claim. Because plaintiffs

have not demonstrated that there is a genuine dispute of material fact as to any constitutional deprivation, summary judgment for defendants is required. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket 29) is granted.

Dated April 3, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE